UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| Joyelle Martin | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. |
| | * | |
| Maine Behavioral Healthcare, | * | |
| Successor to | * | |
| Counseling Services, Inc., and | * | |
| Maine Mental Health Partners, Inc. | * | |
| | * | |
| Defendant | * | |
| | * | |

**PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL
INJUNCTIVE RELIEF SOUGHT**

Plaintiff Joyelle Martin by and through counsel, hereby complains against Defendant

Maine Behavioral Healthcare, formerly Counseling Services, Inc., and Maine Mental Health

Partners, Inc. as follows:

**JURISDICTION AND PARTIES**

1.      This action arises under the Americans with Disabilities Act ("ADA") 42 U.S.C.  §§

12101 *et seq.*, the Rehabilitation Act ("RA"), 29 U.S.C. §§ 701 *et seq*., and the Maine

Human Rights Act ("MHRA"), 5 M.R.S. §§ 4551 *et seq.*.

2.      Plaintiff Joyelle Martin is a resident of Buxton, York County, Maine.

3.      Defendant Maine Behavioral Healthcare is a Maine corporation based in South

Portland, Cumberland County, Maine; is the successor to Counseling Services, Inc.,

and to Maine Mental Health Partners, Inc.; and provides mental health services in

Southern Maine.

4.      Counseling Services, Inc., ("Counseling Services"), was a Maine non-profit corporation which merged with Defendant Maine Behavioral Healthcare in about April 2014, and provides mental health services in the area of Cumberland and York County, Maine.

5.      Maine Mental Health Partners, Inc., ("Maine Mental Health Partners"), was a non-profit Maine Corporation with constituent mental health care agencies, including Counseling Services, Inc., based in South Portland, Cumberland County, Maine, that as of about April 2014 became Defendant Maine Behavioral Healthcare.

6.      As of about April 2014, Defendant Maine Behavioral Healthcare assumed and thereafter continued the operations and workforce of Counseling Services and Maine Mental Health Partners.

7.      As of about April 2014, Defendant Maine Behavioral Healthcare had actual or constructive notice of Plaintiff's claims of discrimination against Counseling Services and Maine Mental Health Partners.

8.      Defendant Maine Behavioral Healthcare has assumed the legal identity of Counseling Services, assumed its liabilities and assumed its ability to provide relief directly to Plaintiff.

9.      Defendant Maine Behavioral Healthcare has assumed the legal identity of Maine Mental Health Partners, assumed its liabilities and assumed its ability to provide relief directly to Plaintiff.

10.     This Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

11.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to

28 U.S.C. § 1367 because those claims are so related to the federal claims that that they form part of the same case or controversy.

12.   On September 25, 2012, Plaintiff Martin filed a charge of discrimination against Counseling Services and Maine Mental Health Partners with respect to the allegations herein with the Maine Human Rights Commission ("MHRC") and the Equal Employment Opportunity Commission ("EEOC").

13.   On August 22, 2014, on Plaintiff's request, the MHRC issued notice of right to sue to Plaintiff Martin on her claims under Maine law against Counseling Services and Maine Mental Health Partners.

14.   On October 27, 2014, on Plaintiff's request, the EEOC issued notice of right to sue to Plaintiff Martin on her claims against Maine Mental Health Partners under the ADA.

15.   On October 28, 2014, on Plaintiff's request, the EEOC issued notice of right to sue to Plaintiff Martin on her claims against Counseling Services, Inc. under the ADA.

16.   Plaintiff has exhausted all administrative remedies.

17.   All of the discriminatory practices alleged herein were committed within the State of Maine, and within York and Cumberland Counties, Maine.

18.   Defendant is subject to the jurisdiction of this Court.

19.   This action is brought properly in the District of Maine pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this judicial district.

20.   For calendar years 2010 and 2011, Counseling Services employed more than 200 employees in each of 20 or more calendar weeks.

21.   For calendar years 2010 and 2011, Maine Mental Health Partners employed more than

200 employees in each of 20 or more calendar weeks.

22. For calendar years 2010 and 2011, Defendant Maine Behavioral Healthcare through its predecessors, Counseling Services and Maine Mental Health Partners, employed more than 200 employees in each of 20 or more calendar weeks.

23. At all material times, Counseling Services employed Plaintiff Martin within the meaning of the ADA, the RA and the MHRA.

24. At all material times, Maine Mental Health Partners was part of an integrated enterprise with Counseling Services and employed Plaintiff Martin within the meaning of the ADA, the RA and the MHRA.

25. At all material times, Counseling Services and Maine Mental Health Partners were joint employers of Plaintiff Martin within the meaning of the ADA, the RA and the MHRA.

26. Throughout Plaintiff's employment, Counseling Services and Maine Mental Health Partners operated a "program or activity receiving federal financial assistance within the meaning of the RA, 29 U.S.C. § 794.

27. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on issues triable of right by jury.

## STATEMENT OF FACTS

28. Plaintiff Martin, a licensed social worker, was hired by Counseling Services as a clinical case manager in January 2011.

29. Plaintiff Martin was employed until December 16, 2011 as a clinical case manager for Counseling Services.

30.     Plaintiff Martin was responsible to provide counseling services to approximately 30
        clients in the York County area, and in addition to counseling work, was responsible to
        complete voluminous paperwork including clinical files, progress notes, and treatment
        plans of services provided as well as insurance and Maine Care billing forms.

31.     In   about late August 2011,  Plaintiff Martin recognized that she was having difficulty
        completing the required paperwork, and informed her supervisor at Counseling
        Services, Sara Schmalz, that she was going to have her doctor investigate whether she
        had Attention Deficit/Hyperactivity Disorder, and whether that condition was
        interfering with her ability to complete documentation.

32.     On November 3, 2011, Plaintiff Martin's supervisor Schmalz informed her that she
        was on probation for not completing documentation.

33.     On November 3, 2011, Plaintiff Martin informed supervisor Schmalz that she had an
        appointment with a mental health provider on November 15, 2011 to see why she was
        having difficulty completing documentation.  Supervisor Schmalz stated that she
        would provide that information to Counseling Service's Human Resources staff.

34.     In early November 2011, Plaintiff Martin asked supervisor Schmalz to be allowed to
        move her desk away from a high traffic area so that she would have fewer distractions
        while working to accommodate her problems with concentration.  Supervisor Schmalz
        did not allow her to move her desk.

35.     On November 15, 2011, Plaintiff Martin's medical provider informed her that her
        condition had been diagnosed as Attention Deficit/Hyperactivity Disorder, and
        prescribed medication to attempt to alleviate the symptoms.

36.     On November 16, 2011, Plaintiff Martin informed supervisor Schmalz that she had

5

been diagnosed with Attention Deficit/Hyperactivity Disorder, and that she had been prescribed medications that once adjusted to the correct level should alleviate her problems completing paperwork.

37.    On November 16, 2011, Plaintiff Martin again asked supervisor Schmalz for permission to move her desk to a quieter, less distracting location to accommodate her Attention Deficit/Hyperactivity Disorder.  Supervisor Schmalz did not allow her to do so.

38.    At all material times, Plaintiff  Martin had a disability within the meaning of the ADA, in that her Attention Deficit/Hyperactivity Disorder substantially limited her in major life activities, including but not limited to concentrating, thinking and working, in the absence of mitigating measures.

39.    At all material times, Plaintiff  Martin had a disability within the meaning of the RA, in that her Attention Deficit/Hyperactivity Disorder substantially limited her in major life activities, including but not limited to concentrating, thinking and working, in the absence of mitigating measures.

40.    At all material times, Plaintiff Martin had a disability within the meaning of the MHRA, 5 M.R.S.A. § 4553-A.  Namely, Plaintiff Martin's Attention Deficit/Hyperactivity Disorder was a mental disability that substantially interfered with one or more of the major life activities of concentrating, thinking and working, under § 4553-A (1)(A).

41.    At all material times, Plaintiff Martin had a record of disability, in that she had a record of having Attention Deficit/Hyperactivity Disorder.

42.    Counseling Services and Maine Mental Health Partners regarded Plaintiff Martin as a

person with a disability for the purposes of the ADA, RA and MHRA.

43.     At all relevant times, Plaintiff Martin was qualified to perform the duties of her position of Clinical Case Manager and was able to perform all the essential functions of her position with or without reasonable accommodations.

44.     On December 2, 2011, Counsel Service's supervisors Schmalz and Laura Cass informed Plaintiff Martin that her employment would be terminated as of December 16, 2011 because she had not made sufficient progress in completing documentation.

45.     Plaintiff Martin objected to the termination, and objected that she had recently been diagnosed with Attention Deficit/Hyperactivity Disorder that was causing the problem, that she on a starting dose of medication which, once adjusted to the proper level, should help her in completing the documentation.

46.      Counseling Services did not respond to Plaintiff Martin's objection to being terminated because of conditions caused by her Attention Deficit/Hyperactivity Disorder.

47.     On December 5, 2011, objecting to the proposed termination, Plaintiff Martin informed Human Resources director with Maine Mental Health Partners and Counseling Services that she had been diagnosed with Attention Deficit/Hyperactivity Disorder, that she had informed supervisor Schmalz of the diagnosis, and had informed her that she had begun medication to alleviate her problems with completing paperwork.

48.     The Human Resources Director responded that she had not been provided any information about Plaintiff Martin's disclosure of her Attention Deficit/Hyperactivity Disorder, and that she would look into the issue.

49.     On December 5, 2011, Plaintiff Martin asked to apply for a Crisis position with Maine

7

Mental Health Partners, which request was granted.

50.     On December 16, 2011, Counseling Services terminated Plaintiff Martin's

employment.

51.     On December 19, 2011, Maine Mental Health Partners' Human Resources Director

informed Plaintiff Martin that she would not be hired for the Crisis position.

52.     Counseling Service terminated Plaintiff Martin's employment because of her

disability, Attention Deficit/Hyperactivity Disorder, thereby discriminating against her

with respect to the terms, conditions and privileges of employment because of her

disability, in violation of the ADA, the RA and the MHRA.

53.     Counseling Service failed to reasonably accommodating Plaintiff Martin's disability,

thereby discriminating against her with respect to the terms, conditions and privileges

of employment because of her disability, in violation of the ADA, the RA and the

MHRA.

54.     Counseling Services terminated Plaintiff Martin's employment because of her record

of a disability, thereby discriminating against her with respect to the terms, conditions

and privileges of employment because of her disability, in violation of the ADA, the

RA and the MHRA.

55.     Counseling Services terminated Plaintiff Martin's employment because it regarded her

as having a disability, thereby discriminating against her with respect to the terms,

conditions and privileges of employment because of her disability, in violation of the

ADA, the RA and the MHRA.

56.     Counseling Services terminated Plaintiff Martin's employment because she requested

accommodation of her disability and opposed discrimination on the basis of disability,

thereby retaliating and discriminating against her in violation of the ADA, the RA, and the MHRA.

57.     Counseling Services' discriminatory treatment and termination of Plaintiff Martin's employment was intentional and in violation of Plaintiff's rights under the ADA, RA and MHRA.

58.     Maine Mental Health Partners refused to hire Plaintiff Martin because of her disability, Attention Deficit/Hyperactivity Disorder, thereby discriminating against her with respect to the terms, conditions and privileges of employment because of her disability, in violation of the ADA, the RA and the MHRA.

59.     Maine Mental Health Partners failed to reasonably accommodating Plaintiff Martin's disability, thereby discriminating against her with respect to the terms, conditions and privileges of employment because of her disability, in violation of the ADA, the RA and the MHRA.

60.     Maine Mental Health Partners refused to hire Plaintiff Martin because of her record of a disability, thereby discriminating against her with respect to the terms, conditions and privileges of employment because of her disability, in violation of the ADA, the RA and the MHRA.

61.     Maine Mental Health Partners refused to hire Plaintiff Martin because it regarded her as having a disability, thereby discriminating against her with respect to the terms, conditions and privileges of employment because of her disability, in violation of the ADA, the RA and the MHRA.

62.     Maine Mental Health Partners refused to hire Plaintiff Martin because of her disability, because she requested accommodation of her disability and opposed discrimination on

the basis of disability, thereby retaliating and discriminating against her in violation of the ADA, the RA and the MHRA.

63.     Maine Mental Health Partners' discriminatory rejection of Plaintiff Martin's application for employment was intentional and in violation of Plaintiff's rights under the ADA, RA and MHRA.

64.     As a consequence of Defendant's predecessors, Counseling Services' and Maine Mental Health Partners' discriminatory actions and termination of her employment, Plaintiff Martin has suffered damages including but not limited to lost wages, distress, humiliation, inconvenience, injury to reputation, injury to career and other pecuniary and non-pecuniary losses.

65.     Plaintiff Martin has no plain, adequate or complete remedy at law to fully redress the wrongs alleged, and will continue to suffer irreparable injury unless Defendant is held liable for the actions of its predecessors and is enjoined by this Court.

## COUNT I: Americans with Disabilities Act (ADA)
## Against Defendant, Successor to Counseling Services

66.     Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

67.     Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin in violation of the ADA when it terminated Plaintiff's employment because of her disability.

68.     Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin in violation of the ADA when it terminated Plaintiff's employment because of her record of a disability.

69.     Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin in violation of the ADA when it terminated Plaintiff's employment because it regarded her as having a disability.

70.     Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin in violation of the ADA when it failed to reasonably accommodate her disability.

71.     Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin in violation of the ADA when it retaliated against Plaintiff Martin with termination of employment because she requested accommodation of her disability and opposed discriminatory treatment because of her disability.

72.     As a direct and proximate result of Defendant's predecessor Counseling Services' violations of the ADA, Plaintiff Martin incurred damages.

73.     Defendant's predecessor, Counseling Services, intentionally violated the ADA and Plaintiff Martin's rights.

74.     Defendant's predecessor, Counseling Services, has unlawfully discriminated against Plaintiff Martin with malice or with reckless indifference to her rights.

75.     Defendant's predecessor, Counseling Services' conduct constitutes knowing and willful violations of Plaintiff's rights.

### COUNT II: Americans with Disabilities Act (ADA)
### Against Defendant, Successor to Maine Mental Health Partners

76.     Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

77.     Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff Martin in violation of the ADA when it denied Plaintiff employment because of her

disability.

78. Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff Martin in violation of the ADA when it denied Plaintiff employment because of her record of a disability.

79. Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff Martin in violation of the ADA when it denied Plaintiff employment because it regarded her as having a disability.

80. Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff Martin in violation of the ADA when it failed to reasonably accommodate her disability.

81. Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff Martin in violation of the ADA when it retaliated against Plaintiff Martin with denial of employment because she requested accommodation of her disability and opposed discriminatory treatment because of her disability.

82. As a direct and proximate result of Defendant's predecessor Maine Mental Health Partners' violations of the ADA, Plaintiff Martin incurred damages.

83. Defendant's predecessor, Maine Mental Health Partners, intentionally violated the ADA and Plaintiff Martin's rights.

84. Defendant's predecessor, Maine Mental Health Partners, has unlawfully discriminated against Plaintiff Martin with malice or with reckless indifference to her rights.

85. Defendant's predecessor, Maine Mental Health Partners' conduct constitutes knowing and willful violations of Plaintiff's rights.

## COUNT III: Rehabilitation Act (RA)
### Against Defendant, Successor to Counseling Services

86.     Plaintiff repeats and re-alleges each of the allegations set forth in the preceding

        paragraphs as if fully set forth herein.

87.     Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin

        in violation of the RA when it terminated Plaintiff's employment because of her

        disability.

88.     Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin

        in violation of the RA when it terminated Plaintiff's employment because of her record

        of a disability.

89.     Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin

        in violation of the RA when it terminated Plaintiff's employment because it regarded

        her as having a disability.

90.     Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin

        in violation of the RA when it failed to reasonably accommodate her disability.

91.     Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin

        in violation of the RA when it retaliated against Plaintiff Martin with termination of

        employment because she requested accommodation of her disability and opposed

        discriminatory treatment because of her disability.

92.     As a direct and proximate result of Defendant's predecessor Counseling Services'

        violations of the RA, Plaintiff Martin incurred damages.

93.     Defendant's predecessor, Counseling Services, intentionally violated the RA and Plaintiff

        Martin's rights.

94.     Defendant's predecessor, Counseling Services, has unlawfully discriminated against

13

Plaintiff Martin with malice or with reckless indifference to her rights.

95.    Defendant's predecessor, Counseling Services' conduct constitutes knowing and
willful violations of Plaintiff's rights.

## COUNT IV: Rehabilitation Act (RA)
## Against Defendant, Successor to Maine Mental Health Partners

96.    Plaintiff repeats and re-alleges each of the allegations set forth in the preceding
paragraphs as if fully set forth herein.

97.    Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff
Martin in violation of the RA when it denied Plaintiff employment because of her
disability.

98.    Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff
Martin in violation of the RA when it denied Plaintiff employment because of her
record of a disability.

99.    Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff
Martin in violation of the RA when it denied Plaintiff employment because it regarded
her as having a disability.

100.   Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff
Martin in violation of the RA when it failed to reasonably accommodate her disability.

101.   Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff
Martin in violation of the RA when it retaliated against Plaintiff Martin with denial of
employment because she requested accommodation of her disability and opposed
discriminatory treatment because of her disability.

102.   As a direct and proximate result of Defendant's predecessor Maine Mental Health

Partners' violations of the RA, Plaintiff Martin incurred damages.

103.    Defendant's predecessor, Maine Mental Health Partners, intentionally violated the RA and Plaintiff Martin's rights.

104.    Defendant's predecessor, Maine Mental Health Partners, has unlawfully discriminated against Plaintiff Martin with malice or with reckless indifference to her rights.

105.    Defendant's predecessor, Maine Mental Health Partners' conduct constitutes knowing and willful violations of Plaintiff's rights.

**COUNT V: Maine Human Rights Act (MHRA)**
**Against Defendant, Successor to Counseling Services**

106.    Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

107.    Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin in violation of the MHRA when it terminated Plaintiff's employment because of her disability.

108.    Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin in violation of the MHRA when it terminated Plaintiff's employment because of her record of a disability.

109.    Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin in violation of the MHRA when it terminated Plaintiff's employment because it regarded her as having a disability.

110.    Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin in violation of the MHRA when it failed to reasonably accommodate her disability.

111.    Defendant's predecessor, Counseling Services, discriminated against Plaintiff Martin

in violation of the MHRA when it retaliated against Plaintiff Martin with termination of employment because she requested accommodation of her disability and opposed discriminatory treatment because of her disability.

112.    As a direct and proximate result of Defendant's predecessor Counseling Services' violations of the MHRA, Plaintiff Martin incurred damages.

113.    Defendant's predecessor, Counseling Services, intentionally violated the MHRA and Plaintiff Martin's rights.

114.    Defendant's predecessor, Counseling Services, has unlawfully discriminated against Plaintiff Martin with malice or with reckless indifference to her rights.

115.    Defendant's predecessor, Counseling Services' conduct constitutes knowing and willful violations of Plaintiff's rights.

## COUNT VI: Maine Human Rights Act (MHRA)
## Against Defendant, Successor to Maine Mental Health Partners

116.    Plaintiff repeats and re-alleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

117.    Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff Martin in violation of the MHRA when it denied Plaintiff employment because of her disability.

118.    Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff Martin in violation of the MHRA when it denied Plaintiff employment because of her record of a disability.

119.    Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff Martin in violation of the MHRA when it denied Plaintiff employment because it

16

regarded her as having a disability.

120.   Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff Martin in violation of the MHRA when it failed to reasonably accommodate her disability.

121.   Defendant's predecessor, Maine Mental Health Partners, discriminated against Plaintiff Martin in violation of the MHRA when it retaliated against Plaintiff Martin with denial of employment because she requested accommodation of her disability and opposed discriminatory treatment because of her disability.

122.   As a direct and proximate result of Defendant's predecessor Maine Mental Health Partners' violations of the MHRA, Plaintiff Martin incurred damages.

123.   Defendant's predecessor, Maine Mental Health Partners, intentionally violated the MHRA and Plaintiff Martin's rights.

124.   Defendant's predecessor, Maine Mental Health Partners, has unlawfully discriminated against Plaintiff Martin with malice or with reckless indifference to her rights.

125.   Defendant's predecessor, Maine Mental Health Partners' conduct constitutes knowing and willful violations of Plaintiff's rights.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that the Court grant the following relief:

(a) Enter Judgment in her favor;

(b) Declare the conduct engaged in by Defendant by its predecessors to be in violation of Plaintiff's rights;

(c) Enjoin Defendant, its agents, successors, employees, and those acting in concert with Defendant from continuing to violate the rights of Plaintiff;

(d) Order Defendant to employ Plaintiff or alternatively award Plaintiff front pay and benefits;

(e) Award Plaintiff equitable-relief for back pay and benefits;

(f) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(g) Award Plaintiff punitive damages;

(h)  Award Plaintiff nominal damages;

(i) Award Plaintiff attorney's fees, including legal expenses, and costs;

(j) Award Plaintiff prejudgment interest;

(k) Permanently enjoin Defendant from unlawfully discriminating on the basis of disability;

(l) Require the Defendant mail a letter to all employees of Defendant notifying them of the verdict and stating that the Defendant will not tolerate discrimination or retaliation in the future;

(m) Require that the Defendant post a notice in all of its workplaces of the verdict and a copy of the Court's order for injunctive relief;

(n) Require that the Defendant train all employees about the illegality of discrimination; and,

(o) Grant to Plaintiff such other and further relief as may be just and proper.


DATE: November 19, 2014          /s/ Lisa J. Butler_____
                                 Lisa J. Butler, Esq.
                                 Maine Employee Rights Group, P.A.
                                 23 Water Street, Suite 207
                                 Bangor, Maine 04401
                                 lbutler@maineemployeerights.com
                                 Telephone: (207)217-6573

                                 Attorney for the Plaintiff